**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| **OCHEZ BURGESS,** | Civil Case Number: |
| **Plaintiff,** | |
| -v- | **CIVIL ACTION** |
| | **COMPLAINT** |
| **EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, TRANSUNION, LLC, and COMENITY BANK,** | **AND** |
| | **DEMAND FOR JURY TRIAL** |
| **Defendants.** | |

## INTRODUCTION

1. Identity theft has long been a widespread problem in this country. Over the past decades, identity theft has emerged as one of the fastest growing white-collar crimes in the United States.[1] Millions of Americans annually fall victim to this crime and are required to spend countless hours and untold effort in attempting to undo the resulting harm caused to their credit reports.[2] Frequently, identity theft is perpetrated by an individual close to the victim, including family members.[3]

---

[1] *See, Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495, 505 (4th Cir. 2007).

[2] Victimization surveys conducted by Synovate for the Federal Trade Commission estimate that, between 1998 and 2003, approximately 27.3 million adults Merrick Banked they were the victims of identity theft, with 9.91 million adults Merrick Banking they were victims in 2003 alone. *See,* Graeme R. Newman & Megan M. NcNally, *Identity Theft Literature Review* 14 (2005), http://www.ncjrs.gov/pdffiles1/nij/grants/210459.pdf (citing Synovate, Federal Trade Commission—Identity Theft Survey Report 7, 12 (2003), http:// www.ftc.gov/os/2003/09/synovatereport.pdf).

[3] *See*, *David Lukic*, Family Identity Theft: What to Do If a Family Member Steals Your Identity, April 14, 2022, available at https://www.idstrong.com/sentinel/family-identity-theft/#:~:text=They%20could%20use%20their%20social,are%20perpetrated%20by%20family%20members. ("The FTC estimates that nine percent of stolen identity crimes are perpetrated by family members")

2. Plaintiff, Ochez Burgess, has been the unfortunate victim of identity theft. Specifically, upon information and belief, at least one individual placed fraudulent charges on a Comenity Bank account in Plaintiff's name, without his knowledge or authorization. This account has destroyed Mr. Burgess's credit with the each of them reporting this account negatively as a result.

3. Rather than working with Mr. Burgess to rectify this unfortunate situation, each of the Defendants refused to remove this fraudulent account from his credit report, despite the Plaintiff specifically disputing this fraudulent item. Instead, the Defendants have continued to willfully and negligently harm the Plaintiff's credit report by continuing to associate this fraudulent account with the Plaintiff, thereby severely impacting Plaintiff's life and his ability to obtain credit.

4. Plaintiff thus brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging Equifax Information Services, LLC, Experian Information Solutions, Inc., Transunion, LLC, and Comenity Bank have been negligently, recklessly and knowingly disseminating false information regarding the Plaintiff's credit, namely by continuing to associate Plaintiff with this fraudulent account, particularly after the Plaintiff mailed letters to Defendants specifically advising them of this issue and submitting the necessary supporting documentation.

5. Plaintiff further alleges that the consumer reporting agencies Transunion, Equifax and Experian failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

6. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

7. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. §

1681p.

8.    Venue is proper in this judicial District pursuant to 28 U.S.C. 1391(b)(2).

**PARTIES**

9.    Plaintiff, Ochez Burgess ("Plaintiff"), is a resident of Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

10.    Defendant Equifax Information Services, LLC ("Equifax") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

11.    Equifax's principal place of business is 1550 Peach Tree Street, N.W., Atlanta, GA 30309.

12.    Defendant Experian Information Solutions, Inc. ("Experian") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

13.    Experian is a corporation with its headquarters located in Costa Mesa, California.

14.    Defendant Transunion, LLC ("Transunion") is also one of the largest credit

reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Transunion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

15. Transunion is a company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661.

16. Defendant Comenity Bank ("Comenity Bank") is a national bank with its headquarters located in Columbus, Ohio.

## FACTUAL ALLEGATIONS

17. In or around 2023, Plaintiff discovered he was the victim of identity theft. Specifically, Plaintiff discovered that fraudulent charges had been made on his Comenity Bank credit account, account no. 578097xxxxxxxxxx. Around that same time, Plaintiff noticed that these fraudulent charges were appearing on his consumer credit reports from Equifax, Experian and Transunion (collectively the "CRAs"), despite the charges being without his knowledge or authorization to do so.

18. Accordingly, Plaintiff disputed these fraudulent charges with Comenity and the CRAs. However, Defendants failed to correct this inaccurate information.

19. Thereafter, Plaintiff took appropriate action, including completing a sworn FTC Identity Theft Affidavit, in which he listed the account as it was appearing on his credit reports despite the fact that it had been affected by fraudulent charges.

20. Plaintiff disputed this account on multiple occasions. Most recently, Plaintiff

disputed this fraudulent account with the CRAs on or about September 2, 2025. In those disputes, Plaintiff clearly advised the CRAs that he was the victim of identity theft, and that this information should be removed and blocked.

21. With those disputes, Plaintiff included copies of the sworn FTC Identity Theft Affidavit.

22. Upon information and belief, Defendant Comenity Bank received notice of these disputes from the CRAs.

23. Following receipt of Plaintiff's dispute, Experian refused to investigate, correct or remove the fraudulent Comenity Bank account from the Plaintiff's credit file. Instead, that information is still being reported to this day.

24. Upon information and belief, Experian had all the information they needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

25. Equifax also refused to investigate, correct or remove the fraudulent Comenity Bank account from the Plaintiff's credit file. Instead, that information is still being reported to this day.

26. Upon information and belief, Equifax had all the information they needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

27. Similarly, Transunion refused to investigate, correct or remove the fraudulent Comenity Bank account from the Plaintiff's credit file. Instead, that information is still being reported to this day.

28. Upon information and belief, Transunion had all the information they needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

29. The CRAs and Comenity Bank were each notified of the respective disputes, but

refused to investigate and/or remove inaccurate reporting.

30. At all times pertinent hereto, Defendants' violations of the FCRA were willful, and carried out in reckless disregard for consumer's rights as set forth under section 1681s, 1681i and 1681b of the FCRA. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

31. Additionally, Defendants' violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1681o.

32. In any event, Defendants are liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

33. As a direct and proximate result of the Defendants' willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed in his daily life, by the impact that this derogatory information has had on his credit score and his ability to secure credit. For example, Plaintiff has been denied credit due to these derogatory inaccuracies.

34. Defendants' violations of the FCRA further caused the Plaintiff great distress, anger, annoyance and frustration in his daily life, and subjected the Plaintiff to abusive credit reporting practices from which Plaintiff had a substantive right to be free.

### COUNT I
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i
### AGAINST EQUIFAX

35. Plaintiff incorporates by reference paragraphs 1-34.

36. At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

37. The FCRA provides that:

> ***"if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer*** and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, ***the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file*** in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."
> 15 U.S.C. § 1681i(a)(1)(a) (emphasis added).

38. On numerous occasions, including on or about September 2, 2025, the Plaintiff initiated a dispute with Equifax requesting that they correct and remove the specific fraudulent items in his credit file that were patently inaccurate and damaging to him, including the fraudulent Comenity Bank account. Plaintiff provided information and documentation showing that he was the victim of identity theft and this account had been taken over by another person.

39. However, Defendant Equifax never adequately investigated the Plaintiff's disputes, as required by the FCRA.

40. Instead, Equifax, after either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate information, something that any basic investigation would have prevented.

41. As a direct and proximate result of Equifax's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

### COUNT II
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681c-2
### AGAINST EQUIFAX

42. Plaintiff incorporates by reference paragraphs 1-34.

43. On or about September 2, 2024, Plaintiff initiated a dispute with Equifax requesting

that they correct and remove the fraudulent Comenity Bank account, as this account was subject to fraudulent charges by an identity thief.

44. In support of this dispute, the Plaintiff included copies of the sworn FTC Identity Theft Affidavit.

45. Equifax refused to acknowledge that it had different obligations under such circumstances than those triggered by a standard dispute.

46. As such, instead of following the law and blocking the fraudulent information on the Plaintiff's credit report within four days of receiving the dispute, Equifax continued to report this fraudulent information.

47. As a direct and proximate result of Equifax's willful and/or negligent refusal to block this fraudulent information, as mandated by the FCRA, Plaintiff has been harmed.

## COUNT III
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## AGAINST EXPERIAN

48. Plaintiff incorporates by reference paragraphs 1-34.

49. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

50. The FCRA provides that:

> "*if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer* and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file* in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."
> 15 U.S.C. § 1681i(a)(1)(a) (emphasis added).

51. On numerous occasions, including on or about September 2, 2025, the Plaintiff initiated a dispute with Experian requesting that they correct and remove the specific fraudulent items in his credit file that were patently inaccurate and damaging to him, including the fraudulent Comenity Bank account. Plaintiff provided information and documentation showing that he was the victim of identity theft and this account had been taken over by another person.

52. However, Experian never adequately investigated the Plaintiff's disputes, as required by the FCRA.

53. Instead, Experian, after either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate information, something that any basic investigation would have prevented.

54. As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT IV
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681c-2
## AGAINST EXPERIAN

55. Plaintiff incorporates by reference paragraphs 1-34.

56. On or about September 2, 2024, Plaintiff initiated a dispute with Experian requesting that they correct and remove the Comenity Bank account, as this account was subject to fraudulent charges by an identity thief.

57. In support of this dispute, the Plaintiff included copies of the sworn FTC Identity Theft Affidavit.

58. Experian refused to acknowledge that it had different obligations under such circumstances than those triggered by a standard dispute.

59. As such, instead of following the law and blocking the fraudulent information on the Plaintiff's credit report within four days of receiving the dispute, Experian continued to report this fraudulent information.

60. As a direct and proximate result of Experian's willful and/or negligent refusal to block this fraudulent information, as mandated by the FCRA, Plaintiff has been harmed.

## COUNT V
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## AGAINST TRANSUNION

61. Plaintiff incorporates by reference paragraphs 1-34.

62. At all times pertinent hereto, Transunion was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

63. The FCRA provides that:

> "*if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer* and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file* in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."
> 15 U.S.C. § 1681i(a)(1)(a) (emphasis added).

64. On numerous occasions, including on or about September 10, 2025, the Plaintiff initiated a dispute with Transunion requesting that they correct and remove the specific fraudulent items in his credit file that were patently inaccurate and damaging to him, including the fraudulent Comenity Bank account. Plaintiff provided information and documentation showing that he was the victim of identity theft and this account had been taken over by another person.

65. However, Transunion never adequately investigated the Plaintiff's disputes, as required by the FCRA.

66. Instead, Transunion, after either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate information, something that any basic investigation would have prevented.

67. As a direct and proximate result of Transunion's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT VI
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681c-2
## AGAINST TRANSUNION

68. Plaintiff incorporates by reference paragraphs 1-34.

69. On or about September 2, 2024, Plaintiff initiated a dispute with Transunion requesting that they correct and remove the Comenity Bank account, as this account was subject to fraudulent charges by an identity thief.

70. In support of this dispute, the Plaintiff included copies of the sworn FTC Identity Theft Affidavit.

71. Transunion refused to acknowledge that it had different obligations under such circumstances than those triggered by a standard dispute.

72. As such, instead of following the law and blocking the fraudulent information on the Plaintiff's credit report within four days of receiving the dispute, Transunion continued to report this fraudulent information.

73. As a direct and proximate result of Transunion's willful and/or negligent refusal to block this fraudulent information, as mandated by the FCRA, Plaintiff has been harmed.

## COUNT VII

### FAILURE TO INVESTIGATE DISPUTE
### FCRA, 15 U.S.C. § 1681s-2(b)
### AGAINST COMENITY BANK

74. Plaintiff incorporates by reference paragraphs 1-34.

75. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

76. On or about September 2, 2024, Plaintiff initiated disputes with the credit bureaus disputing the accuracy of the account being reported by Comenity Bank.

77. Upon information and belief, Comenity Bank received notice of these disputes from the credit bureaus.

78. Comenity Bank was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

79. Even after the Plaintiff properly disputed these accounts with the credit reporting agencies, Comenity Bank refused to conduct a reasonable investigation and continued inaccurately reporting the multiple fraudulent accounts on Plaintiff's credit reports.

80. Comenity Bank's conduct violated section 1681s-2(b) of the FCRA.

81. As a result of Comenity Bank's conduct, Plaintiff was harmed, as discussed above.

### DEMAND FOR TRIAL BY JURY

82. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendants as follows:

A. Awarding Plaintiff actual damages, statutory damages and punitive damages pursuant to pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

B. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

C. A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

D. Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

E. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: October 28, 2025

          By:    /s/ Joseph Kanee
                 Joseph H Kanee, Esq.
                 Fla. Bar No. 1040922
                 THE KANEE LAW FIRM, PLLC
                 1508 SW 23 Street
                 Fort Lauderdale, FL 33315
                 (786) 933-2775
                 joseph@kaneelaw.com

                 *Attorney for Plaintiff*